**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT PRESTON, JR., 326915,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:12-CV-1995-G** |
| | ) | |
| **WILLIAM STEPHENS, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court,

this case has been referred to the United States Magistrate Judge.  The findings, conclusions and

recommendation of the Magistrate Judge are as follows:

**Type of Case:**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

Petitioner was a state prisoner incarcerated in the Texas Department of Criminal Justice -

Correctional Institutions Division ("TDCJ-CID") when he filed this action.  Respondent is

William Stephens, Director of the TDCJ-CID.

**Statement of the Case:**

Petitioner challenges his 1974 conviction for robbery by assault with a firearm, cause

number W74-645-QH.  Although Petitioner has fully served this sentence, the sentence was used

to enhance his conviction for aggravated robbery in F-81-9824-HSK, for which he is currently

serving a life sentence.  Petitioner argues the 1974 conviction is void because the statute under

which he was charged was declared unconstitutionally vague by the Texas Legislature.  He

argues his conviction violates his due process rights and that he is actually innocent.

On September 19, 2012, Respondent filed his answer arguing, *inter alia*, that the petition

is successive.  On June 7, 2013, the Court transferred the case to the Fifth Circuit Court of

Appeals as a second or successive petition.  On January 14, 2014, the Fifth Circuit remanded,

finding the case is not a second or successive petition.  The Court now finds the petition should

be dismissed for lack of subject matter jurisdiction.  In the alternative, the petition is barred by

the statute of limitations.

## Discussion:

1.      **Jurisdiction**

"Federal courts are courts of limited jurisdiction.  They possess only that power

authorized by Constitution and statute, which is not to be expanded by judicial decree."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They

"must presume that a suit lies outside this limited jurisdiction, and the burden of establishing

federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*,

243 F.3d 912, 916 (5th Cir. 2001).  The Court may *sua sponte* raise the jurisdictional issue at any

time. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus

only from persons who are "in custody in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2254.  One satisfies the "in custody" requirement, when the

challenged conviction has not fully expired at the time the petitioner files a petition under §

2254.  *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968).  One is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

In this case, Petitioner has fully served his sentence for the 1974 conviction.  Having fully served his sentence, petitioner is no longer "in custody" such that he can challenge that conviction under 28 U.S.C. § 2254.  Consequently, this Court lacks jurisdiction over the instant habeas petition.

In some cases, a court may construe a petitioner's challenge to an expired conviction as a challenge to the conviction for which he is still incarcerated.  In *Maleng*, a petitioner purported to challenge an expired 1958 conviction that had been used to enhance his 1978 conviction.  *See* 490 U.S. 488, 489-90 (1989).  Despite the petitioner's express contention that he was challenging the 1958 conviction, the Supreme Court found the "in custody" requirement satisfied because it could reasonably construe the action as a challenge to the 1978 conviction as enhanced by the 1958 conviction.  *See id.* at 493-94; *see also McCormick v. Radar*, 3 F.3d 436, 1993 WL 346870 *3 (5th Cir. 1993) (stating where *pro se* petitioner challenges a prior conviction that was used to enhanced conviction for which he is currently incarcerated, court can construe the petition as attacking the later sentence).

In this case, the Court cannot reasonably construe the instant action as a challenge to petitioner's 1981 conviction because Petitioner has previously challenged his 1981 conviction. *See Samuel Alexander a/k/a Robert Preston v. Director*, 3:89-CV-2217-G (N.D. Tex.).  The Fifth

Circuit has not granted Petitioner authorization to file a successive habeas petition.  The Court thus declines to construe the instant action as a challenge to Petitioner's 1981 conviction.  The petition should therefore be dismissed for lack of subject matter jurisdiction.

**2.       Statute of Limitations**

In the alternative, the petition should be dismissed as barred by the statute of limitations. Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).  In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

------

1) The statute provides that the limitations period shall run from the latest of--

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          -4-

In this case, there are several dates to consider in determining the timeliness of the petition. On March 19, 1974 Petitioner was sentenced to seven years in prison in cause number W74-645-QH. *Ex parte Preston*, No. 15,848-10 at 18. It does not appear that Petitioner filed a direct appeal. This conviction would then have become final thirty days later on April 18, 1974. *See* Tex. R. App. P. 26.2(a). This conviction was used to enhance Petitioner's sentence in cause number W81-9824-K. That conviction was entered on October 20, 1981. (Trial Court Record, Cause Number F91-9824-K at Judgment). On January 17, 1983, the appellate court affirmed the conviction and sentence. *Alexander v. State*, No. 05-81-01193-CR (Tex. App. – Dallas 1983).[2] It does not appear that Petitioner filed a petition for discretionary review. The conviction would therefore have become final approximately ninety days later on April 18, 1983. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing). On July 1, 1987, the Texas Court of Criminal Appeals denied Petitioner's state petition for writ of habeas corpus. *Ex parte Preston*, No. 15,848-04. Finally, Petitioner claims that in 1974 the statute under which he was convicted, Texas Penal Code art. 1408 (Vernon 1925), was repealed as unconstitutionally vague.[3] Petitioner therefore, with the exercise of due diligence, could have know of this claim on or about 1974.

Each of Petitioner's possible limitation-commencing events occurred prior to the April 24, 1996 enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from

2) Petitioner was previously know as "Samuel Alexander."

3) Effective January 1, 1974, Article 1408 was repealed when Texas adopted a new penal code. (Resp. Ex. A.) There is no evidence Article 1408 was determined to be unconstitutionally vague.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          -5-

the AEDPA's effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not have any state habeas petitions challenging either his 1974 conviction, cause number W74-645-H, or his 1981 conviction, cause number W81-9824-K, pending between April 24, 1996 and April 24, 1997. He therefore is not entitled to statutory tolling. Petitioner was required to file his federal petition by April 24, 1997. He did not file his petition until June 18, 2012. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner claims he is actually innocent. Actual innocence claims, however, do not support equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding actual

innocence claims do not support equitable tolling of the AEDPA statute of limitations).

Petitioner has not shown that he was prevented in some extraordinary way from asserting his

rights.  He has failed to show rare and exceptional circumstances justifying equitable tolling in

this case.

**RECOMMENDATION:**

The Court recommends that the petition for a writ of habeas corpus be dismissed for lack

of subject matter jurisdiction, and in the alternative, be dismissed as barred by the one-year

limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 13th  day of February, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).